FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

20 MAY 14 PM 1:04

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| MICHAEL CONDO, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 119-136 |
| | * | |
| CONVERGENT OUTSOURCING, INC., | * | |
| | * | |
| Defendant. | * | |

**O R D E R**

Before the Court is Defendant's unopposed motion for judgment on the pleadings. (Doc. 9.) For the following reasons, Defendant's motion is **GRANTED IN PART** and **DENIED IN PART**.

**I. BACKGROUND**

Plaintiff, proceeding *pro se*, initiated the present action in the Magistrate Court of Columbia County, Georgia. (Compl., Doc. 1-1, at 6.) Plaintiff alleges, in full:

> Defendant continues to call in order to contact previous owner of cell phone. Was informed number no longer belongs to said person. And was informed multiple times since 8/18 not to contact number further. However, I continue to be contact [sic] by human and robot callers from said company. [D]espite being on do not call registry.

Id. ¶ 2. Because Plaintiff sues pursuant to federal law, Defendant removed the case to this Court. (Notice of Removal, Doc. 1.) Defendant then filed the present motion to which Plaintiff offers

no response. Therefore, Defendant's motion for judgment on the pleadings is deemed unopposed. LR 7.5, SDGa ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion.").

## II. DISCUSSION

### A. Legal Standard

"After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." Cunningham v. Dist. Attorney's Office for Escambia Cty., 592 F.3d 1237, 1255 (11th Cir. 2010) (citation omitted). "The legal standards applicable to Federal Rule of Civil Procedure 12(c) motions for judgment on the pleadings and Rule 12(b)(6) motions to dismiss are the same." Marshall v. Safeco Ins. Co. of Ind., No. CV 112-113, 2013 WL 12155468, at *1 (S.D. Ga. Apr. 16, 2013) (citing Roma Outdoor Creations, Inc. v. City of Cumming, 558 F. Supp. 2d 1283, 1284 (N.D. Ga. 2008)).

Therefore, when considering a motion for judgment on the pleadings, the Court must "accept as true all material facts alleged in the non-moving party's pleading[] and . . . view those

facts in the light most favorable to the non-moving party." Perez v. Wells Fargo, N.A., 774 F.3d 1329, 1335 (11th Cir. 2014).

> Moreover, "while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'"

Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quoting In re Plywood Antitrust Litig., 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981))). But courts must keep in mind that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted). Even if the motion is unopposed, the Court must still determine whether judgment on the pleadings is proper. See Branch v. O'Brien, No. 4:14-cv-147, 2014 WL 7405780, at *1 (S.D. Ga. Dec. 29, 2014).

**B. Analysis**

At the outset, the Court notes that Defendant relies upon Meadows v. Franklin Collection Serv., Inc., 414 F. App'x 230 (2011). (Mot. for J. on Pleadings, Doc. 9, at 6.) The facts and circumstances in Meadows are almost directly aligned with the facts here. In Meadows, the plaintiff received telephone calls from the debt-collector-defendant. Id. at 232. The plaintiff acquired the

3

debtors' phone number and, as a result, received up to 300 phone calls from the debt-collector-defendant to collect a debt she did not owe. Id. Although Meadows addressed cross motions for summary judgment, the reasoning guides the conclusion here.

1. The Telephone Consumer Protection Act

Defendant claims that it cannot be liable as a matter of law under the Telephone Consumer Protection Act ("TCPA") because Defendant's calls were not telephone solicitations, telemarketing, or made using an automatic telephone dialing system. (Mot. for J. on Pleadings, at 4-7, 8.) The Court initially determines whether Plaintiff's complaint survives under either TCPA section 227(b) or 227(c).

a. *Section 227(b)*

Defendant argues Plaintiff's claim under section 227(b)(1) fails as a matter of law because Defendant did not utilize an automatic telephone dialing system. Under section 227(b), "It shall be unlawful for any person within the United States . . . (A) to make any call . . . using any automatic telephone dialing system *or* artificial or prerecorded voice — . . . (iii) to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1) (emphasis added). Plaintiff's complaint alleges facts that, accepted as true, prohibit granting judgment as a matter of law. Plaintiff asserts Defendant called his cell phone using a prerecorded voice without Plaintiff's consent. See

4

Dotson v. Dish Network, L.L.C., No. 2:19-cv-21, 2019 WL 1928497, at *3 (S.D. Ga. Apr. 30, 2019) (quoting Coleman v. Rite Aid of Ga., Inc., 284 F. Supp. 3d 1343, 1345 (N.D. Ga. 2018)) ("To state a claim under § 227(b)(1)[,]' a plaintiff must allege facts that plausibly support that '(1) the defendant called a cellular phone, (2) using a[] . . . prerecorded message or artificial voice, (3) without the recipient's prior consent.'").

Defendant's assertion that Plaintiff's complaint omits allegations that Defendant utilized an automatic telephone dialing system to place the calls in question is unpersuasive. As Defendant argues, ACA Int'l v. Fed. Commc'ns Comm'n, 885 F.3d 687 (D.C. Cir. 2018), addressed the auto-dialer issue, but that issue is not before the Court. (Mot. for J. on Pleadings, at 8.) As such, even assuming Defendant did not employ an automatic telephone dialing system, an issue of fact remains as to whether Defendant improperly used an artificial or prerecorded voice. Because Defendant fails to show entitlement to judgment as a matter of law against Plaintiff's claim as asserted under section 227(b)(1), the Court allows the claim to continue.

    b. *Section 227(c)*

Turning to section 227(c), to the extent Plaintiff's claim is under section 227(c)(5), using the prohibitions set forth in 47 C.F.R. § 64.1200(c), (d), Defendant is entitled to judgment under Meadows. Section 227(c)(1) grants the FCC authority to promulgate

regulations regarding telephone solicitations. The FCC rules condemn telephone solicitations and telemarketing unless the caller meets certain conditions. 47 C.F.R. § 64.1200(c), (d). As defined by the FCC, "telephone solicitation means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." Id. § 64.1200(f)(14). Likewise, "telemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." Id. § 64.1200(f)(12).

In Meadows, the Eleventh Circuit expressly determined that telephonic attempts to collect debt are neither telephone solicitations nor telemarketing under the FCC's rules and regulations. 414 F. App'x at 236. The rule applies even where the call recipient is not the person owing the debt to the debt-collector-caller. Id. Plaintiff failed to respond to Defendant's assertion that the calls carried the purpose of debt collection; therefore, Defendant is entitled to judgment on the pleadings to the extent Plaintiff attempts to assert a claim under section 227(c) for improper telephone solicitations or telemarketing.

### 2. The Federal Debt Collection Practices Act

Although the Meadows Court concluded that the plaintiff's complaints of collection efforts for unowed debts failed as a matter of law under section 227(c)(5) of the TCPA, the Eleventh Circuit reversed the district court's grant of summary judgment to the defendant-caller on the same facts under the Federal Debt Collection Practices Act ("FDCPA"). 414 F. App'x at 233-35. Under 15 U.S.C. § 1692d, "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

Even accepting Defendant's contention that its telephone calls to Plaintiff amounted to debt collection efforts, Plaintiff alleges that Defendant attempts to contact the prior owner of the telephone number. The pleadings reflect Defendant's debt collection efforts against Plaintiff, owing no debt to Defendant — alongside Plaintiff's repeated notification to Defendant that the person it seeks to contact no longer owns the telephone number — leaving an issue of fact regarding whether Defendant's conduct constituted harassment, oppression, or abuse of Plaintiff. See Meadows, 414 F. App'x at 233-35. Consequently, judgment on the pleadings is improper.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion for judgment on the pleadings (Doc. 9) is **GRANTED IN PART** and **DENIED IN PART**. To the extent Plaintiff asserts a claim under TCPA section 227(c)(5) for improper telephone solicitation or telemarketing, Defendant's motion for judgment on the pleadings is **GRANTED**. To the extent Plaintiff asserts claims under TCPA section 227(b)(1) and FDCPA section 1692d, Defendant's motion for judgment on the pleadings is **DENIED**.

Pursuant to United States Magistrate Judge Brian K. Epps's Order dated April 1, 2020 (Doc. 11), the stay of discovery in this case is hereby **LIFTED**. "The [P]arties shall confer and submit a Rule 26(f) Report, with proposed case deadlines, within **SEVEN [(7)] DAYS** of the" date of this Order. (Id. at 2 (emphasis added).)

**ORDER ENTERED** at Augusta, Georgia, this 14th day of May, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

8